# KENTUCKY COURT OF APPEALS

J. B. Campbell, Etc., v. Commonwealth of Kentucky.

Sheriffs and Constable—Special Act Relating to the Collection of Back
Taxes—Liability on Official Bond.
. The act of June 3, 1865, required the sheriffs of 1865 to collect
taxes due for certain years in counties in which assessments had
not been made. The bond was not executed until March, 1866,
therefore the bond was void.

Appeals and Errors—Failure to Appear in Lower Court.
Appellants did not waive the right to have a reversal of the four
judgments of February, 1870, by reason of their failure to appear in
the court below and object to the character of the proceedings
against them. The court of appeals will reverse in all cases in
which the petitioner does not set out a cause of action, regardless of
whether or not defense was made in the court below.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 11, 1872.

Opinion by Judge Lindsay:

The act of June 3d, 1865, required the sheriffs of 1865 to col-
lect taxes due for certain years in counties in which assessments
had not been made subsequent to 1860, and to account for and pay
the same into the treasury at the same time the revenue of 1865
was due and payable.

By the terms of the act this unusual duty was imposed alone
upon sheriffs who might hold office during the year 1865. It is
apparent from the statements of the Auditor, and the bond of ap-
pellant Campbell filed therewith that he is not proceeded against
as a sheriff of 1865.

The bond was not executed until March, 1866, two months after
the taxes for 1865 ought to have been accounted for and paid
into the treasury. This special duty was imposed upon the sheriffs
for 1865 and was required to be discharged within that year, and
after that time sheriffs in office were not bound nor had they the
legal right to undertake its execution.

It follows therefore, that appellant Campbell was not liable to be proceeded against in the Franklin Circuit Court by motion for failure to account for the taxes due from Perry county for the years 1862, '63, '64 and '65. If he was guilty of any dereliction of duty it was in failing to give bond and begin the collection of such taxes within the prescribed time. Appellants did not waive the right to have a reversal of the four judgments of February, 1870 by reason of their failure to appear in the court below and object to the character of the proceedings against them. This court will reverse in all cases in which the petition does not set out a cause of action regardless of whether or not defense was made in the court below.

Hence there was no petition at all, and as the case does not come within any of the exceptions made in behalf of the Commonwealth, the Franklin Circuit Court had no jurisdiction and ought not to have entertained the motions upon which the judgments were rendered.

Campbell and his sureties may, by proper proceedings, be held responsible for all taxes due to the Commonwealth collected by him after the execution of his bond, but as it is a mere common law obligation, it must be proceeded upon as such.

Judgments reversed and cause remanded with instructions to dismiss the motions of appellee.

*Scott, for appellants.*